PETER DOOLEY *vs.* CHESHIRE GLASS COMPANY.

Proof of corporate acts and copies of the certificates filed in compliance with law in the office of the secretary of the Commonwealth and in that of the town clerk are competent evidence, in an action against a corporation, to prove its organization, after notice given to the corporation to produce its book of records and a failure to produce it.

A corporation is estopped to set up in defence of an action the falseness of a certificate of their organization filed by them as a compliance with the requirements of a statute.

A corporation organized under *St.* 1851, c. 133, which has assumed liabilities and held itself out as a corporation, cannot avail itself of its omission to publish the certificate of its organization required by § 4, or of its adoption of the name of another corporation or company in violation of § 6, to defeat an action against it by a creditor.

ACTION OF CONTRACT. Answer, no corporation duly organized in this Commonwealth under the name of the Cheshire Glass Company. Trial and verdict for the plaintiff in the superior court before *Putnam,* J. to whose rulings the defendant alleged exceptions, which are stated in the opinion.

*J. C. Wolcott,* for the defendant.

*J. N. Dunham,* for the plaintiff.

DEWEY, J. 1. To meet the denial that the defendants are a corporation duly organized, and liable to be sued upon their

promissory notes purporting to be signed by them, the plaintiff gave the defendants' attorney notice to produce the books of the corporation containing the records of the organization, which not being produced, he then offered to establish the same by the testimony of witnesses, and to prove the fact that they had acted as such corporation, and a copy of the certificate filed with the secretary of the Commonwealth, and also of a like certificate filed with the town clerk of Cheshire, both such certificates being in the form required by *St.* 1851, *c.* 133, authorizing the formation of corporations in certain cases by voluntary association and upon complying with the provisions of that act. This evidence was, in the opinion of the court, competent, after notice to the defendants to produce their book of records. and an omission on their part so to do. The case of *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 287, is strong to this point. Says Chief Justice Shaw in that case : " The maxim of law is that all things shall be presumed to have been rightly and correctly done until the contrary is proved. As the corporation could not proceed lawfully until duly organized, and as they did proceed to act as a corporation, this presumption has its effect."

2. It was proposed to show that such certificate, so filed in the office of the secretary of the Commonwealth, although purporting to be under an oath duly administered before James N. Richmond, a justice of the peace," resident in Cheshire, was in fact administered by him, in the city of New York, to the three directors whose names appear on the same, and who are residents of that city. The court properly rejected the evidence. After placing this certificate, with the oath annexed in the form in which it is, upon the public records, as a compliance with the statute, these directors or other officers of the corporation are to be estopped from setting up its falsity to aid in defeating an action against the corporation.

3. The next objection relied upon in the defence was, that there had not been a publication of said certificate three several times in a newspaper published in the county of Berkshire, as required by *St.* 1851, *c.* 133, § 4. However this omission might

have affected the corporation had they been plaintiffs seeking the aid of the law to enforce a contract against another party, we think the corporation cannot set it up as a defect in their organization to defeat a recovery against them, but that they might be charged in the present action, although they had omitted the act of publication of the certificate in a newspaper.

4. We take a similar view of the remaining objection urged, viz. that there was evidence offered by the defendants tending to show that, prior and up to January 1st 1853, an association had been carrying on business under the name of the " Cheshire Glass Company," and that the same person acted as their agent who acted as agent for the defendant corporation. The adoption of a similar name with that of any other corporation or company is forbidden by § 6 of this statute. But as regards the creditors of the company, an omission to comply therewith would furnish no defence. Objections like these are certainly not to be favored when made by a company holding themselves out as a corporation, and contracting liabilities as such.

*Exceptions overruled*